```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
LAVELLEOUS PURCELL,                     :    22cv4802 (DLC)
                                        :    18cr81-1 (DLC)
               Petitioner,              :
     -v-                                :    OPINION AND ORDER
                                        :
UNITED STATES OF AMERICA,               :
                                        :
               Respondent.              :
                                        :
----------------------------------------X
```

APPEARANCES:

For the petitioner:
Lincoln Square Legal Services, Inc.,
Michael W. Martin
150 West 62nd Street, 9th Fl.
New York, NY 10023

For the respondent:
U.S. Attorney's Office, SDNY
Jane Kim
Sheb Swett
One St. Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

Lavellous Purcell brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Purcell was convicted at trial of charges arising from his business of transporting individuals in interstate commerce to engage in prostitution. He asserts that his trial counsel and counsel on appeal provided him with ineffective assistance. For the following reasons, the petition is denied.

**Background**

On January 31, 2018, Purcell was indicted in five counts. The indictment charged him with enticement to engage in unlawful activities, transporting individuals in interstate commerce to engage in prostitution, use of interstate commerce to promote an unlawful activity, conspiracy to do so, and sex trafficking by force, in violation of 18 U.S.C. §§ 2422(a), 2421(a), 1952(a)(3), 317, and 1591(a)(1)-(2), respectively.

Purcell was arrested on February 8, 2018, and counsel from the Federal Defenders was appointed to represent Purcell.  The Federal Defenders continued to represent him at trial and on appeal.

At a conference held on February 13, trial was set for October 22.  That date was later changed to October 15.

On August 7, the defendant moved to suppress evidence obtained from his Facebook account pursuant to three warrants issued by New York County Supreme Court and for a bill of particulars.  In opposition, the Government disclaimed reliance on evidence obtained pursuant to one warrant but otherwise opposed the defendant's motion.  An Opinion of September 13 denied the defendant's motion.  Purcell v. United States, No. 18cr81 (DLC), 2018 WL 4378453 (S.D.N.Y. Sept. 13, 2018).

The Government filed its motions in limine on September 20, 2018.  The defendant responded on September 28.  One of the

Government's motions is central to Purcell's claim in this petition that his trial counsel was ineffective.  In that motion, the Government argued that statements by "Victim-3" to Officer Heather Royer of the Police Department in State College, Pennsylvania, should be admitted as an excited utterance or present sense impression in the event Victim-3 were unable to testify.

The defendant opposed the Government's motion regarding Victim-3's statements.  At the final pretrial conference on October 5, the Court provided the parties with the legal principles it would be applying to their motions in limine, including the Government's motion regarding the testimony from police officers regarding Victim-3's statements to them.  The Government was directed to identify to the defendant which statements in the five-page police report it intended to elicit from the police officers at trial.  There was also a discussion of whether the officer's testimony would be admissible if Victim-3 appeared at trial and whether Victim-3 could testify at trial that Purcell had told her that he was on parole.  In a letter dated October 11, the parties notified the Court that they were still conferring regarding the scope of Victim-3's excited utterances and expected to reach an agreement on this issue.

The parties thereafter negotiated an agreement which was placed on the record at a conference on October 11, 2018. The Government described the agreement as follows:

> Essentially, Victim 3 fled from a hotel in State College, went to the police station. When she arrived at the police station, she encountered sort of an intake officer at the front desk and made statements such as "I was taken," "I ran for my life," "I'm a prostitute." She is then placed in a room, and then officers come in to interview her, which is the basis of the report which we have turned over. The parties have agreed that her initial statements to the intake officer should come in as an excited utterance, and <u>we are not going to seek to introduce the statements she made in the interview room which were recorded in the report</u>.

(Emphasis supplied.)

On September 27, the defendant moved to suppress additional evidence and to dismiss the charges for improper venue. The defendant sought to exclude from evidence Purcell's post-arrest statements, the contents of Purcell's phone, and any photo-array identifications of Purcell. A hearing on the motion to suppress was held on October 3, and the motion was denied at that hearing.

Trial began on October 15, 2018. The trial evidence established that Purcell controlled women who worked as prostitutes and took them across or caused them to cross state lines to work for him in that capacity.

The Government offered evidence regarding one or more victims in support of Counts One, Two, and Five in the

4

Indictment.[1]  Count One, which charged the defendant with knowingly inducing travel in interstate commerce to engage in prostitution, related to three individuals.  Count Two, which charged the defendant with knowingly transporting an individual in interstate commerce with intent to engage in prostitution, concerned two of those three individuals.  Count Five, which charged the defendant with knowingly transporting or enticing a person in interstate commerce knowing that means of force will be used to cause that person to engage in a commercial sex act, concerned Marie Ann Wood and another individual.

Purcell's challenge to his conviction on Count Five rests on his counsel's examination of Ms. Wood at trial.  Ms. Wood is Victim-3.  Ms. Wood testified that she was working as a prostitute in Queens, New York before she met Purcell.  She explained that Purcell appeared at her hotel room on Long Island and required her to "choose up," that is decide whether he would become her pimp.  She had never met him and, because she was alone and he was there in person and had taken her bags, which held all of her possessions, she felt she was not able to say no to him.  Purcell ultimately transported her by car to a motel in

---

[1] Count Three, which charged the defendant with using a facility in interstate commerce to promote prostitution, and Count Four, which charged the defendant with conspiring to commit the crime charged in Count Three, were not connected to any specific victim.

5

State College, Pennsylvania. During that trip, Purcell and two women working as prostitutes who were travelling with him explained his "rules" to Ms. Wood. One of the women was branded with his name, "Casino," on her neck.

Purcell and the women working with Purcell kept a close watch on Ms. Wood at all times, including when she was in a bathroom. Ms. Wood described her fears and her feeling that she had no choice but to do what Purcell wanted, including working as a prostitute for him.

After two nights, Ms. Wood escaped when Purcell left the motel to get food. She fled barefoot on a cold December day from the motel and flagged down a car. She asked the driver to take her to the nearest police station. At the station, she exclaimed that she was running for her life and needed help. These statements were admitted without objection as excited utterances. During her direct testimony, Ms. Wood did not testify to statements she made later that day to the police when interviewed by Officer Royer.

On cross examination, defense counsel challenged Ms. Wood's credibility. Among other things, defense counsel elicited that certain facts described by Ms. Wood in her direct testimony did not appear in a written statement she provided on the day of her escape to the State College police. For instance, the written statement did not have a description of the "choosing" process

6

or the choosing fee.  On redirect, the Government elicited testimony from the witness that she had been truthful in her statements to the State College police.  There was no re-cross examination.

The Government also called Officer Heather Royer of the State College Police Department to testify at trial.  Officer Royer had interviewed Ms. Wood at the stationhouse, and the Government had given notice to defense counsel before trial that it intended to call Officer Royer.  Without objection from defense counsel, Officer Royer testified about her impressions of Ms. Wood's emotional state and Ms. Wood's description of her interactions with Purcell.  On cross examination, defense counsel attempted to offer evidence through Officer Royer that Ms. Wood had been accused of theft.  The Court largely sustained the Government's objections to that testimony.

The Government's trial evidence included testimony from other witnesses as well, and documents reflecting the interstate nature of Purcell's sex trafficking business.  Records from Backpage, an advertising publication, showed that Purcell advertised commercial sex services throughout the country. Rental car records, license plate reader records, and hotel records showed Purcell traveling for this business in multiple states.  This evidence was confirmed by another of his victims

and by his cousin, a hotel employee who helped Purcell book hotel rooms for a discounted rate.

The defendant rested without calling any witnesses. The jury convicted Purcell on each of the five counts. In its special verdict as to Count One, the jury found that the Government carried its burden as to all three individuals. As to Count Two, the jury found that the Government carried its burden as to only one of two individuals. As to Count Five, the jury found that the Government carried its burden only as to Ms. Wood.

On January 22, 2019, the Court sentenced Purcell principally to a term of 216 months' imprisonment. Purcell's guidelines range was 188 to 235 months' imprisonment with a mandatory 15-year term of imprisonment on Count Five, which was the count which charged him with sex trafficking by force in violation of 18 U.S.C. § 1591(a)(1).

On appeal, Purcell challenged his conviction. He argued that the state-court warrants for the seizure of Purcell's Facebook account violated the Fourth Amendment. Purcell also argued that the evidence at trial was insufficient to sustain a conviction on Counts One, Two, and Five. As to Count One, Purcell argued that there was insufficient evidence to establish venue in the Southern District of New York as to all three individuals, and that there was insufficient evidence of

8

enticement. As to Count Two, Purcell asserted that there was insufficient evidence of transportation. As to Count Five, Purcell argued that there was insufficient evidence of coercion. Lastly, Purcell asserted that a new trial was required on Count Five because the Government "broke its promise" by introducing Ms. Wood's statements to Officer Royer into evidence and that the introduction of this evidence violated the Confrontation Clause.

On July 23, 2020, the Court of Appeals affirmed the conviction on four of the five counts. United States v. Purcell, 967 F.3d 159, 166-67 (2d Cir. 2020). It reversed the conviction on Count One for lack of venue. Id. at 167. Count One charged Purcell with enticement to engage in unlawful activities in violation of 18 U.S.C. § 2422(a). On October 15, the Court of Appeals denied rehearing. On December 4, the Court resentenced Purcell principally to 216 months' imprisonment.

The Supreme Court denied Purcell's petition for a writ of certiorari on October 4, 2021. On June 7, 2022, Purcell filed a timely pro se petition for a writ of habeas corpus. On July 1, this Court appointed counsel to represent Purcell for this petition. On November 4, Purcell's counsel filed a memorandum in support of his petition. The Government filed its opposition, and defense counsel filed a reply. The petition became fully submitted on February 24, 2023.

**Discussion**

In his petition, Purcell argues that his trial counsel and counsel who represented him on appeal were ineffective.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

> To establish ineffective assistance of counsel, a defendant must demonstrate that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) this deficient performance caused prejudice to the defendant -- that is, there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

United States v. Overton, 24 F.4th 870, 880 (2d Cir. 2022) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). "Courts reviewing ineffective assistance of counsel claims are highly deferential, and must strongly presume that counsel made all significant decisions in the exercise of reasonable professional judgment." United States v. Rosemond, 958 F.3d 111, 121 (2d Cir. 2020) (citation omitted). "This presumption is overcome only if counsel failed to act reasonably considering all of the circumstances." Id. (citation omitted).

"The conduct of examination and cross-examination is entrusted to the judgment of the lawyer," and a court "should

not second-guess such decisions unless there is no strategic or tactical justification for the course taken." Eze v. Senkowski, 321 F.3d 110, 127 (2d Cir. 2013) (citation omitted). Similarly, "decisions such as when to object and on what grounds are primarily matters of trial strategy and tactics and thus are virtually unchallengeable absent exceptional grounds for doing so." United States v. Cohen, 427 F.3d 164, 170 (2d Cir. 2005) (citation omitted).

The Strickland standard and its deference to trial counsel's strategic decisions apply with the same force to appellate counsel. Lynch v. Dolce, 789 F.3d 303, 311 (2d Cir. 2015). "[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Chrysler v. Guiney, 806 F.3d 104, 118 (2d Cir. 2015) (citation omitted). "[A] petitioner may establish constitutionally inadequate performance of appellate counsel if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Lynch, 789 F.3d at 311 (citation omitted).

I. Trial Counsel

Purcell argues that his trial counsel was ineffective when he failed to object to the Government calling Officer Royer to testify about Ms. Wood's statements to her. He contends that in

11

offering Officer Royer's testimony, the Government breached its agreement that it would not elicit such evidence from Officer Royer, and defense counsel should have objected on that ground. Alternatively, he argues that defense counsel was ineffective in not negotiating an agreement with the Government that more clearly barred the Government from offering Officer Royer's testimony.

This argument misconstrues the record. The agreement between defense counsel and the Government resolved one of the Government's motions in limine. Through that motion the Government sought to elicit the statements given to Officer Royer as either an excited utterance or a present sense impression. In reaching the agreement with defense counsel, the Government largely withdrew that motion. Thus, defense counsel succeeded in those negotiations, and there is no basis to challenge his efforts as unsuccessful or incomplete.

There is also no basis to argue that defense counsel should have objected at trial to Officer Royer's testimony on the ground that it breached the parties' agreement. Officer Royer's testimony, as is evident from the trial record, described statements given to her by Ms. Wood that were consistent with Ms. Wood's trial testimony. Such testimony was admissible under Rule 801(d)(1)(B), Fed. R. Evid. Purcell, 967 F.3d at 196-97. At trial, defense counsel cross examined Ms. Wood about her

12

statements in the interview room in an effort to undermine her credibility.  When the Government called Officer Royer, it inquired without objection from defense counsel about statements she made in that interview.  This was appropriate testimony offered to support Ms. Wood's prior testimony.  It was not admitted as an excited utterance or present sense impression, and therefore was not the subject of the Government's motion in limine or addressed by the parties' pretrial agreement resolving that motion.

To the extent Purcell is suggesting that defense counsel erred in cross examining Ms. Wood and thereby opening the door to Officer Royer's testimony, that argument fails as well.  Ms. Wood's testimony was critical to Purcell's conviction on Count Five, which carried a mandatory minimum sentence of fifteen years' imprisonment.  It was incumbent upon defense counsel to try to undermine her testimony.  This was a difficult but important task since Ms. Wood gave damning testimony against Purcell.  It is a strategic decision for counsel to make whether to try to undermine the witness's credibility by using prior inconsistent statements or not.  And it remains a reasonable strategic decision for counsel even when such a cross examination will open the door to the Government offering what it contends are prior consistent statements and statements that put the supposed inconsistencies into context.  Therefore,

13

Purcell has not established that his trial counsel was ineffective.

II. Appellate Counsel

In his pro se petition, Purcell presented three claims regarding his appellate counsel.  His appointed counsel for this habeas petition presents an argument as to the first of these claims only.

First, Purcell argues that his appellate counsel, who was also from the Federal Defenders, was ineffective for failing to raise the lack of venue for Count Two.[2]  Second, Purcell argues that his appellate counsel was ineffective for his failure to raise the Government's breach of its agreement not to solicit certain testimony.  Finally, Purcell argues that his counsel on appeal should have argued that the New York State subpoenas were not a lawful basis for the Government to receive all of the information it obtained.  None of these claims succeed in establishing that Purcell's counsel failed to provide him with effective assistance in his appeal from his conviction.

    A.    Failure to Challenge Venue on Appeal

Purcell first asserts that appellate counsel was ineffective for failing to argue the absence of venue for the

---

[2] In his pro se petition, Purcell asserted that his appellate counsel was ineffective for failing to challenge Counts Two and Five for improper venue.  His appointed counsel only pursues this argument as to Count Two.

crime charged in Count Two.  In connection with Count Two, Purcell was convicted of transporting Samantha Vasquez in interstate commerce to engage in prostitution in violation of 18 U.S.C. § 2421(a).  On appeal, Purcell's counsel challenged the sufficiency of the evidence for this conviction but did not challenge the absence of venue for the conviction.[3]  Purcell, 967 F.3d at 190 n.16.

Ms. Vasquez was also one of three victims identified in Count One, on which Purcell was convicted of enticing each of the three women to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(a).  In reversing the conviction on Count One the Court of Appeals found that "nothing in the record suggests that Vasquez actually or necessarily set foot in the Southern District in connection with her work for Purcell." Purcell, 967 F.3d at 189.

Ms. Vasquez did not testify at trial.  In support of the crime charged in Count Two, the Government relied on evidence that Purcell's relative booked hotel rooms on numerous occasions for him and Ms. Vasquez in several states, and that Ms. Vasquez travelled to those locations to engage in prostitution for Purcell.  In its discussion of Purcell's challenge to Count Two for insufficient evidence, the Court of Appeals summarized

---

[3] Purcell's trial counsel had argued that there was insufficient evidence of venue for Count Two.

15

evidence that Purcell determined where and when Vasquez engaged in prostitution, including in Brooklyn on November 9 and 10, 2016 and in Raleigh on December 12-14, 2016.  Id. at 191.  It noted that "[t]he Government presented no evidence that directly indicates what mode of transportation Vasquez used, who arranged her transportation, who paid for her transportation, or whether she and Purcell traveled together," but found that other evidence supported the jury's conclusion that Purcell transported Vasquez.  Id. at 191-92.  "Because some of these accommodations were scheduled for successive days, they strongly suggest that Purcell required Vasquez to travel to and from specific locations on specific dates. . . . Under these circumstances, arranging Vasquez's accommodations was tantamount to arranging her travel."  Id. at 191.  In his petition for rehearing, appellate counsel for Purcell stated that his "failure to raise a clearly winning argument" that there was no venue to support Count Two was "inexcusable (and likely constitutionally deficient)."

Appellate counsel made the entirely reasonable decision to focus his challenge to Count Two on the issue of the sufficiency of the evidence.  While the Second Circuit's decision to reverse the conviction on Count One because of the absence of sufficient evidence of venue may, in hindsight, make it seem obvious that appellate counsel should have raised the same challenge to Count

16

Two, hindsight is not the standard.  See Rosemond, 958 F.3d at 121.  The defendant has not demonstrated that appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker."  Lynch, 789 F.3d at 311 (citation omitted).  While counsel omitted the venue challenge to Count Two, counsel otherwise pursued challenges to Purcell's conviction that, if meritorious, would have had a substantial impact on the Purcell's conviction and sentence.  This does not amount to deficient performance under Strickland.

Purcell's pro se argument that his appellate counsel was ineffective for failing to challenge venue on Count Five also fails.  Testimony at trial established that Purcell traveled through the Southern District of New York with Ms. Wood when he took her from Long Island by car to Pennsylvania.

B.   Failure to Raise Prosecutorial Misconduct

Purcell argues in his pro se petition that appellate counsel was ineffective for failure to raise on appeal that the Government engaged in prosecutorial misconduct when it breached its promise, placed on the record at the pretrial conference, that it would restrict its examination of Officer Royer.  This argument can be swiftly rejected.  The defendant's brief on appeal did raise this argument.  The argument was rejected by the Court of Appeals.  Purcell, 967 F.3d at 195.

C.   Failure to Challenge State Subpoenas

Purcell argues in his pro se petition that appellate counsel was ineffective for failing to challenge the introduction of evidence obtained pursuant to state subpoenas. It appears that Purcell is referring to the three warrants issued by New York State court. This argument is easily rejected. The defendant's brief on appeal raised this argument, and the argument was rejected by the Court of Appeals. Id. at 178.

## Conclusion

The defendant's June 7, 2022 petition for writ of habeas corpus is denied. The defendant having not made a substantial showing of a denial of a federal right, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).

Dated:   New York, New York
         July 25, 2023

                                     _____
                                           DENISE COTE
                                     United States District Judge